UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARYL RUTH SMALL,

       Plaintiff,

Case No. 1:15-cv-0683

v.

HON. JANET T. NEFF

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

                             /

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Sharyl Small seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of

credibility.  *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence.  *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance.  *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).  In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984).  The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 46 years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.30, 58.) She graduated high school, after attending special education classes, and was previously employed as a cashier. (PageID.62.) Plaintiff is currently employed at McDonald's, though such does not rise to the level of substantial gainful activity. (PageID.60.) Plaintiff applied for benefits on December 13, 2012, alleging that she had been disabled since June 20, 2010, due to

severe depression, lower back pain, and varicose veins. (PageID.91, 101, 190–202.) Plaintiff's applications were denied on April 2, 2013, after which time she requested a hearing before an ALJ. (PageID.122–129, 132–133.) On January 28, 2014, Plaintiff appeared with her counsel at an administrative hearing before ALJ Christopher Ambrose during which both Plaintiff and a vocational expert (VE) testified. (PageID.53–89.) In a written decision dated February 25, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.30–52.) On May 5, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.22–25.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

3

§ 404.1520(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. § 404.1545.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Ambrose determined Plaintiff's claim failed at the fourth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (PageID.36.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) degenerative disc disease of the cervical and lumbar spine; (2) obstructive sleep apnea; (3) status post left foot tendon rupture with ongoing pain; (4) obesity; (5) depression; and (6) learning disability. (PageID.36–37.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.37–40.) At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except she can occasionally climb ladders, ropes, or scaffolds; and must avoid even moderate use of moving machinery and exposure to unprotected heights. She can perform simple, routine, and repetitive tasks (unskilled work with an SVP of 1 or 2).

(PageID.40.) Continuing with the fourth step, the ALJ determined, based on VE testimony, that Plaintiff was able to perform her past relevant work as a cashier. (PageID.47.) Having made his

determination at step four, the ALJ was not required to continue the evaluation and could have entered a finding that Plaintiff was not entitled to benefits. However the ALJ also included an alternative step five determination that a substantial number of other jobs existed that Plaintiff could perform. *See Richardson*, 735 F.2d at 964. (PageID.47–48.) The VE identified approximately 250,000 jobs within the nation in the positions of small parts packager, bench hand, and assembler that an individual similar to Plaintiff could perform. (PageID.48, 82.) This represents a significant number of jobs. *See Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000 (6th Cir. 1988).

Accordingly, the ALJ concluded that Plaintiff was not disabled at any point from June 10, 2010 through February 25, 2014. (PageID.67.)

## DISCUSSION

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff's sole argument is that she is entitled to relief because the ALJ improperly determined that she does not satisfy Section 12.05 (Intellectual Disability) of the Listing. (PageID.476.) Section 12.05 of the Listing provides, in relevant part, the following:

> 12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow

5

>> directions, such that the use of standardized measures of intellectual functioning is precluded;
>
> OR
>
> B. A valid verbal, performance, or full scale IQ of 59 or less;
>
> OR
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function;
>
> OR
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
>
>> 1. Marked restriction of activities of daily living; or
>>
>> 2. Marked difficulties in maintaining social functioning; or
>>
>> 3. Marked difficulties in maintaining concentration, persistence or pace; or
>>
>> 4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.05. Specifically, Plaintiff asserts that she satisfies sections 12.05(B) and (C). Cognitive testing performed in 1984 revealed that Plaintiff possessed a Verbal IQ of 72, a Performance IQ of 55, and a Full Scale IQ of 61. (PageID.425.) The short argument in Plaintiff's initial brief appears to be that she meets the requirements of Section 12.05(B) because of the Performance IQ of 55, or in the alternative, she meets the requirements of Section 12.05(C) because of the Performance IQ score of 55 and the ALJ determined she could only perform

light work. (PageID.477–78.)  Plaintiff's initial brief, however, does not address the requirements articulated in the introductory paragraph of Section 12.05.  20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00(A).  Plaintiff must establish that she satisfied the "diagnostic description" of intellectual disability articulated in the introductory paragraph of Section 12.05 in order to satisfy the listing's requirements.  *Cooper v. Comm'r of Soc. Sec.*, 217 F. App'x 450, 452 (6th Cir. 2007); *see also Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (to satisfy Section 12.05, the claimant must demonstrate that she experienced deficiencies in adaptive functioning prior to attaining the age of 22).  A claimant does not satisfy a particular listing unless all of the requirements of the listing are present.  *See Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir.1987)*. See, e.g.*, *Thacker v. Soc. Sec. Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004) ("[w]hen a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency").

The ALJ found that Plaintiff did not have the requisite deficits in adaptive functioning because she lived independently, works part time, performs personal care without difficulty, prepared meals, shopped, cleaned, and did the laundry.  (PageID.40.)  Plaintiff's function report mirrors these findings.  Plaintiff stated she lived alone.  She would spend a typical day working in the morning from 5 to 9 AM, then doing dishing, eating lunch, reading a book, watching television, and preparing dinner.  (PageID.241.)  She further stated she had no problem with her personal care, nor did she need reminders.  She was able to make sandwiches and frozen dinners, though she argues she was able to cook more healthy meals prior to her onset date.  (PageID.242.)  Furthermore, she goes out every other day and shops once a month.  She is able to count change and handle a

7

savings account and checkbook. (PageID.244.) She attends church regularly as well as a social group. (PageID.245.) Plaintiff stated she can follow written instructions, though she does have bad vision. Regarding verbal instructions, Plaintiff noted she had to be told things more than once on occasion. She has some difficulty with family members, did not have any notable difficulty getting along with authority figures, but has difficulty handling stress. (PageID.245–46.)

In her reply brief, Plaintiff argues for the first time that she meets the introductory paragraph requirements. She notes that she took special education classes while in school. She also argues that the records show that while in school she was immature and shy. Plaintiff also argues that she only obtained her job at McDonald's through the assistance she received from her school. (PageID.489.) While Plaintiff may have participated in special education classes as a youth, she nevertheless successfully completed high school, which supports the ALJ's conclusion that Plaintiff did not satisfy this Listing. *See Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641–42 (6th Cir. 2013). Plaintiff has also failed to present evidence that she experienced, prior to age 22, deficits in adaptive functioning, such as an inability to care for herself or handle social situations. *See id.* at 642. While earlier school records refer to a shyness or timidity on the part of Plaintiff, later records find that she was not as quiet or shy. In grade nine, Plaintiff's social and emotional performance was "age appropriate." (PageID.427.) A year later Plaintiff was described as not appearing as "quiet, shy and withdrawn as previous reports" although there were still noticeable tendencies. (PageID.425.) While there exists evidence that Plaintiff experiences a certain level of cognitive impairment, Plaintiff's various activities, including working for several years, whether or not she had assistance in obtaining this job, are inconsistent with a conclusion that Plaintiff satisfies this Listing. *See, e.g., Burrell v. Comm'r of Soc. Sec.*, No. 99-4070, 2000 WL 1827799, at *2 (6th Cir.,

Dec. 8, 2000). The Court does not doubt that Plaintiff has limitations, especially in the area of concentration, however such are adequately accounted for in the ALJ's RFC.

The burden rests with Plaintiff to demonstrate that she satisfies the requirements of a listed impairment. *See Kirby v. Comm'r of Soc. Sec.*, No. 01-5966, 2002 WL 1315617, at *1 (6th Cir., June 14, 2002). The ALJ evaluated the evidence of record and determined that Plaintiff failed to meet her burden in this regard. The ALJ's decision is supported by substantial evidence. Accordingly, Plaintiff's claim of error is denied.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is **AFFIRMED.** A separate judgment shall issue.


Dated: June 24, 2016                                /s/ Janet T. Neff
                                                                    JANET T. NEFF
                                                                    United States District Judge